UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THEODORE BRISCOE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> WARDEN, ) <br> ) <br> Respondent. ) | No. 1:18-cv-01550-SEB-DLP |

**Entry Denying Petition for a Writ of Habeas Corpus
and Denying a Certificate of Appealability**

Petitioner Theodore Briscoe was convicted of two counts of resisting law enforcement by operation of a vehicle and one count felony carrying a handgun without a license after having been convicted of a felony within the previous fifteen years in an Indiana state court in 2017. He is currently serving an eight year sentence for these crimes. On May 21, 2018, Mr. Briscoe filed his petition for writ of habeas corpus. The respondent filed his return on July 31, 2018. Mr. Briscoe has not filed a reply.

For the reasons explained in this Entry, Mr. Briscoe's petition for a writ of habeas corpus is **denied** and the action is **dismissed without prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

**I. Procedural History**

A jury found Mr. Briscoe guilty of two counts of resisting law enforcement by operation of a vehicle and one count felony carrying a handgun without a license after having been convicted of a felony within the previous fifteen years. *State v. Briscoe,* No. 49G21-1602-F5-004552. He was sentenced to an aggregate sentence of eight years on September 19, 2017.

On direct appeal, Mr. Briscoe challenged the sufficiency of the evidence. The Indiana Court of Appeals affirmed his convictions on May 16, 2018. *Briscoe v. State,* No. 49A04-1709-CR-02327. Mr. Briscoe did not seek transfer to the Indiana Supreme Court.

## II. Discussion

The respondent argues that this action should be dismissed without prejudice because Mr. Briscoe has not exhausted his state court remedies. Mr. Briscoe's claims are construed as follows: 1) denial of speedy trial; 2) insufficient evidence; 3) a challenge to the all-white jury (*Batson v. Kentucky,* 476 U.S. 79 (1986)); and 4) ineffective assistance of appellate counsel.

The respondent contends that the speedy trial, *Batson,* and sufficiency claims are procedurally defaulted, and the ineffective assistance claim has not been exhausted. The Court notes that Mr. Briscoe filed a petition for post-conviction relief in Marion Superior Court, No. 49 G21-1808-PC-026876, on August 16, 2018. Mr. Briscoe's ineffective assistance of counsel claim has not yet been presented to the Indiana Court of Appeals and Indiana Supreme Court.

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. In Indiana, that means presenting his arguments to the Indiana Supreme Court. *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006) (citation and quotation marks omitted). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the

time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992).

Mr. Briscoe's post-conviction action was filed after this case was filed, and remains pending. Therefore, his request for federal habeas relief is premature.

### III. Conclusion

As explained above, Mr. Briscoe has failed to exhaust his available state court remedies before filing this petition for a writ of habeas corpus. His petition must therefore be **dismissed without prejudice**. Judgment consistent with this Entry shall now issue.

### IV. Certificate of Appealability

Rule 11(a) of the *Rules Governing § 2254 Cases* requires the district courts to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and "[i]f the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Pursuant to § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing includes demonstrating "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and quotation marks omitted). Mr. Briscoe has failed to make this showing, and therefore a certificate of appealability is **denied**.

IT IS SO ORDERED.

Date: 8/31/2018

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

THEODORE BRISCOE
980988
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Henry A. Flores, Jr.
INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov